1
2
3
4                        **UNITED STATES DISTRICT COURT**
5                             **DISTRICT OF NEVADA**
6
7    THE AVID GROUP, LLC,                          Case No. 2:24-cv-01470-JCM-NJK
8              Plaintiff(s),                                    **Order**
9    v.
10   ARIXA ANIMAL DIAGNOSTICS, INC., et
     al.,
11             Defendant(s).

12         Pending before the Court are the parties' certificates of interested parties.  Docket Nos. 4,
13   17.

14         To assist federal courts in ensuring that diversity jurisdiction exists, the disclosure
15   statement filed by each party "must name—and identify the citizenship of—every individual or
16   entity whose citizenship is attributed to that party."  Fed. R. Civ. P. 7.1(a)(2).[1]  For purposes of
17   diversity jurisdiction, "an LLC is a citizen of every state of which its owners/members are
18   citizens."  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Hence,
19   the pertinent inquiry as to LLC citizenship is "not the state in which it was formed or does
20   business."  *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016).  If an LLC's
21   owners/members are themselves an LLC (or another unincorporated association), then the Court
22   must know the identity and citizenship of the sub-members, and so on.  *Lindley Contours, LLC v.*
23   *AABB Fitness Holdings, Inc.*, 414 Fed. Appx. 62, 64 (9th Cir. 2011).

24
25
26

27         [1] As the plain language makes clear, the members and sub-members must be actually
     identified by name; simply alluding to their citizenship is not sufficient.  *Cf.* Docket No. 1 at ¶
28   10(a).

                                              1

The certificates fail to provide the required information.  Accordingly, the parties must file amended certificates of interested parties by November 7, 2024.

IT IS SO ORDERED.

Dated: October 31, 2024

_____
Nancy J. Koppe
United States Magistrate Judge