# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| THE AVID GROUP, LLC,<br>    Plaintiff(s),<br>v.<br>ARIXA ANIMAL DIAGNOSTICS, INC., et al.,<br>    Defendant(s). | Case No. 2:24-cv-01470-JCM-NJK<br><br>**Order**<br><br>[Docket No. 2] |

Pending before the Court is Plaintiff's motion to redact the complaint. Docket No. 2. Defendants filed a response not opposing the redaction request so long as the Court does not require the parties to file other documents in redacted form. Docket No. 26. No reply was filed.

There is a strong presumption in favor of the public's access to judicial filings. *See, e.g.*, *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).[1] Requests to seal or redact the complaint must be supported by a showing of "compelling reasons." *See id.* at 1179-80; *see also, e.g.*, *Geo-Logic Asssocs., Inc. v. Metal Recovery Sols.*, 202 WL 1469483, at *2 (D. Nev. Mar. 26, 2020). Those compelling reasons must be established through an evidentiary showing, generally a declaration based on personal knowledge. *See, e.g.*, *Henderson v. Aria Resort & Casino Holdings, Inc.*, 2023 WL 4288830, at *1 (D. Nev. June 29, 2023) (collecting cases and applying the more lenient good cause standard). In addition, any request to seal documents must be "narrowly tailored" to remove from the public sphere only the material that warrants secrecy. *Harper v. Nev. Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040-41 (D. Nev. 2021) (citing *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016)).

---

[1] The fact that a sealing request may be unopposed does not automatically result in it being granted because the Court is tasked with protecting the public's interest in transparency. *Allegiant Travel Co. v. Kinzer*, 2022 WL 2819734, at *1 n.1 (D. Nev. July 19, 2022).

      The pending motion seeks to redact large swaths of the operative complaint. *See* Docket No. 1. The motion is supported by assertions that the parties entered a non-disclosure agreement that "*likely*" covers the subject information, the complaint includes information "*likely* to be considered trade secrets, or at a minimum, highlight confidential business information," and Plaintiff has redacted any information that "could *arguably*" be considered confidential pursuant to the non-disclosure agreement. *See* Docket No. 2 at 2-4 (emphasis added). Such equivocal statements fail to satisfy the compelling reasons standard, which requires "specific factual findings" made "without relying on hypothesis or conjecture." *Kamakana*, 447 F.3d at 1178-79. Moreover, the mere existence of an agreement by the parties to secrecy is not enough to warrant secrecy of judicial filings, *e.g.*, *Goodsell v. Teachers Health Tr.*, 2023 WL 7015272, at *2 (D. Nev. Oct. 23, 2023), and no <u>evidentiary</u> showing has been made as to compelling reasons for any of the specific redactions being sought, *Henderson*, 2023 WL 4288830, at *1; *see also Kamakana* 447 F.3d at 1179 (even for lower good cause standard, requiring a "particularized showing").

      Accordingly, the motion to redact is **DENIED** without prejudice. Any renewed request must be made in accordance with the above case law, including providing argument specific to each redaction sought and a factual showing as to each redaction sought. Any renewed request must be filed by December 20, 2024. If no renewed request is filed, the Court will unseal the unredacted version of the complaint. In the meantime, however, the Clerk's Office is **INSTRUCTED** to continue maintaining the complaint (Docket No. 3) under seal.

      IT IS SO ORDERED.

      Dated: December 4, 2024

                                        Nancy J. Koppe
                                        United States Magistrate Judge