UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THE AVID GROUP, LLC, | Case No.2:24-CV-1470 JCM (NJK) |
| Plaintiff(s), | |
| v. | ORDER |
| ARIXA ANIMAL DIAGNOSTICS, INC., et al., | |
| Defendant(s). | |

Presently before the court is plaintiff and counter defendant The AViD Group, LLC's ("AViD") motion to dismiss counterclaims. (ECF No. 33). Defendant and counterclaimant Arixa Animal Diagnostics, Inc. ("Arixa") responded in opposition (ECF No. 37) to which AViD replied (ECF No. 41).

**I.   BACKGROUND**

AViD now moves to dismiss Arixa's four counterclaims under Rule 12(b)(6) for failure to state a claim. (ECF No. 33 at 2). The countercomplaint asserts breach of contract, breach of the implied covenant of good faith and fair dealing, promissory estoppel, and unjust enrichment. (ECF No. 27 at 26-30).

On December 23, 2021, AViD and Arixa entered into a letter agreement to develop and commercialize a series of veterinary diagnostic devices. (ECF No. 33 at 2). Both parties agreed to a budget plan that obligated AViD to fund $1,500,000 to Arixa and to favorably consider providing funding to Arixa for potential overages of approximately $400,000. (*Id.* at 3). The agreement also contained an integration clause and required that any modifications be made in

writing and signed by both parties.  (*Id.* at 4).

Arixa alleges AViD failed to fulfill its funding obligations.  (ECF No. 27 at 26).   Arixa further alleges that Mr. Baum, the president and founder of AViD, failed to fulfill additional promises made to it.  (*Id.* at 28).

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8 requires every pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.  Although Rule 8 does not require detailed factual allegations, it does require more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  In other words, a pleading must have *plausible* factual allegations that cover "all the material elements necessary to sustain recovery under *some* viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (citation omitted) (emphasis in original); *see also Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

The Supreme Court in *Iqbal* clarified the two-step approach to evaluate a complaint's legal sufficiency on a Rule 12(b)(6) motion to dismiss.  First, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in the plaintiff's favor.  *Iqbal*, 556 U.S. at 678–79.  Legal conclusions are not entitled to this assumption of truth.  *Id.*  Second, the court must consider whether the well-pleaded factual allegations state a plausible claim for relief.  *Id.* at 679.  A claim is facially plausible when the court can draw a reasonable inference that the defendant is liable for the alleged misconduct.  *Id.* at 678.  When the allegations have not crossed the line from conceivable to plausible, the complaint must be dismissed.  *Twombly*, 550 U.S. at 570; *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

If the court grants a Rule 12(b)(6) motion to dismiss, it should grant leave to amend unless the deficiencies cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under Rule 15(a), the court should "freely" grant leave to amend "when justice so requires," and absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments . . . undue prejudice to the opposing party . . . futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The court should grant leave to amend "even if no request to amend the pleading was made." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted).

The futility of amendment is a recognized exception to the general rule of granting leave to amend. If the court finds that amending certain claims would not cure the deficiencies in the pleading, it may deny leave to amend those claims while allowing amendment of others that could potentially be remedied. *Hubbard v. SEIU Local 2015*, 552 F.Supp.3d 955, 962 (2021).

### III.  DISCUSSION

The parties do not dispute that Delaware law applies to both breach claims because a choice of law provision exists within the agreement. (ECF No. 37 at 4,7). Under the rule of dépeçage, Delaware law governs Arixa's promissory estoppel counterclaim, which neither party disputes. (ECF No. 33 at 13-14).

Both parties agree that Nevada law governs Arixa's unjust enrichment counterclaim, as Nevada has the most significant relationship to the claim when analyzed under Restatement (Second) of Conflict of Laws § 221. *See Casun Inv., A.G. v. Ponder*, 119 F.4th 637, 645 (9th Cir. 2024) ("Nevada tends to follow the Restatement (Second) of Conflict of Laws (1971) in determining choice-of-law questions involving contracts, and unjust enrichment is a quasi-contractual claim in Nevada.").

A. <u>Breach of Contract.</u>

"Under Delaware law, the elements of a breach of contract claim are: 1) a contractual obligation; 2) a breach of that obligation by the defendant; and 3) a resulting damage to the plaintiff." *Cedarview Opportunities Master Fund, L.P. v. Spanish Broad. Sys.*, 2018 Del. Ch. LEXIS 292, at *15 (Del. Ch. August 27, 2018) (citation omitted). AViD claims the breach of contract counterclaim fails because (1) Arixa fails to identify which provision of the agreement AViD allegedly breached, and (2) Arixa's own admissions in its amended answer confirm that AViD did not breach the agreement. (ECF No. 33 at 7). The court is not convinced.

Here, a valid contract exists between AViD and Arixa in which AViD was obligated to provide funding in exchange for product development. The court can ascertain two separate provisions as components of AViD's "funding obligation," (1) the obligation to fund $1,500,000 and (2) the obligation to "favorably consider" funding overages that may exceed the funding budget of approximately $400,000. The first obligation is not in dispute, as Arixa acknowledges in its amended answer that AViD paid the amount in full. (ECF No. 27 at 19).

Arixa alleges that AViD halted payments pursuant to the contract and "failed to honor" its funding obligations which caused Arixa financial problems. (ECF No. 27 at 28). At the pleading stage, these allegations are sufficient to support a plausible claim for relief for breach of contract. Whether AViD acted within its contractual rights in using discretion in funding overages is a factual issue not appropriate for resolution on a 12(b)(6) motion. Arixa's breach of contract claim therefore survives dismissal.

B. <u>Breach of the Implied Covenant of Good Faith and Fair Dealing.</u>

Under Delaware law, every contract contains an implied covenant of good faith and fair dealing. *Dunlap v. State Farm Fire & Cas. Co.*, 878 A.2d 434, 442 (Del. 2005). "To sufficiently

plead [a] breach of the implied covenant of good faith and fair dealing, a complaint must allege a specific implied contractual obligation, a breach of that obligation by the defendant, and resulting damage to the plaintiff." *Baldwin v. New Wood Res. LLC*, 283 A.3d 1099, 1117-1118. The "implied covenant analysis will only be applied when the contract is truly silent with respect to the matter at hand, and only when the court finds that the expectations of the parties were so fundamental that it is clear that they did not feel a need to negotiate about them." *Allied Cap. Corp. v. GC-Sun Holdings*, *L.P.,* 910 A.2d 1020, 1032-33 (Del. Ch. 2006).

Here, Arixa's implied covenant claim relies on an identical factual basis as its breach of covenant claim. (ECF No. 27 at 27-28). Arixa argues that because AViD's obligation to "favorably consider" additional funding is discretionary, the agreement is effectively silent on how AViD was required to exercise that discretion. (ECF No. 37 at 8). Delaware law is clear that "when a contract confers discretion on one party the implied covenant requires that the discretion be used in good faith." *Airborne Health, Inc. v. Squid Soap, LP,* 984 A.2d 126, 146-147 (Del. Ch. 2009).

In *Airborne*, the court held that it is insufficient for a good faith implied covenant claim to simply allege a failure to confer a benefit, when the defendant had discretion on whether to confer such benefit. *Id.* at 147. The court dismissed the claim because the plaintiff in *Airborne* failed to allege any facts indicating that the defendant had exercised its discretion arbitrarily or in bad faith. *Id.*

Similarly, here, the countercomplaint does not allege any facts suggesting that AViD failed to exercise its discretion in good faith. Instead, as in *Airborne*, Arixa merely asserts a failure to confer a benefit that was subject to AViD's discretion. (ECF No. 27 at 27). Therefore, Arixa's counterclaim for breach of the implied covenant of good faith and fair dealing is dismissed.

- 5 -

C. <u>Promissory Estoppel.</u>

Under Delaware law, "a claim for promissory estoppel requires a plaintiff to show the following: (i) a promise was made; (ii) it was the reasonable expectation of the promisor to induce action or forbearance on the part of the promisee; (iii) the promisee reasonably relied on the promise and took action to his detriment; and (iv) such promise is binding because injustice can be avoided only by enforcement of the promise." *SIGA Techs., Inc. v. PharmAthene, Inc.*, 67 A.3d 330, 347–48 (Del. 2013).

"The law of promissory estoppel provides that the promise must be clear, definite and unambiguous and the promise must manifest the promisor's intent to induce the promisee. *Fridhandler v. Hercules Inc.,* 2004 WL 7325672, at *2 (Del. Com. Pl. Oct. 29, 2004). Promissory estoppel does not apply, however, where a fully integrated, enforceable contract governs the promise at issue. *SIGA,* 67 A.3d at 348.

**Here, Arixa's promissory estoppel claim relies on two different alleged promises.** (ECF No. 27 at 30–31). The first alleged promise is that AViD would pay Arixa's "employees and agents' time and expense and for amounts paid by Arixa to vendors and other persons or entities providing goods or services for the development project." *Id.* at 30. This promise cannot support a claim for promissory estoppel under Delaware law because a fully integrated and enforceable contract governs the same subject matter. *SIGA,* 67 A.3d at 348. The joint agreement expressly provides that each party is responsible for its own costs and expenses in connection with the project. (ECF No. 33, Ex. 1 at 5.)

The second alleged promise was that Arixa would receive additional funding if it assisted AViD in securing new investment capital. (ECF No. 27 at 30). This promise appears to fall outside the scope of the written agreement, which is limited to the development and commercialization of

- 6 -

the products.  (ECF No. 33, Ex. 1 at 1).

In order to survive dismissal, Arixa must identify the specific promise made by Mr. Baum in soliciting Arixa's assistance in securing additional investment capital, which it has not.  As it stands, the claim fails to allege a clear and definite promise and relies instead on conclusory allegations.  *Cont'l Ins. Co. v. Rutledge & Co.,* 750 A.2d 1219, 1233 (Del. Ch. 2000).  Therefore, the promissory estoppel claim is dismissed.

D.  Unjust Enrichment.

In the state of Nevada, the elements of unjust enrichment are as follows: (1) "benefit conferred on the defendant by the plaintiff; [(2)] appreciation by the defendant of such benefit, and; [(3)] acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof." *Leasepartners Corp. v. Robert L. Brooks Trust Dated November 12, 1975*, 113 Nev. 747, 755, 942 P.2d 182, 187 (1997) (quoting *Unionamerica Mortg. & Equity Trust v. McDonald*, 97 Nev. 210, 211, 626 P.2d 1272 (1981)

 "Unjust enrichment is an action in quasi-contract, [which] cannot lie where a valid express contract covering the same subject matter exists between the parties." *Gerlinger v. Amazon.com, Inc.,* 311 F.Supp.2d 838, 856 (N.D.Cal. 2004).  Thus, the doctrine of unjust enrichment only "applies to situations where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice, he should not retain but should deliver to another [or should pay for]." *Leasepartners*, 942 P.2d at 187.

Here, Arixa's unjust enrichment claim is based on the same two distinct factual allegations as the promissory estoppel claim.  (ECF No. 27 at 31).   The first allegation, that Arixa continued development work without pay, cannot support an unjust enrichment claim under Nevada law

because that conduct is governed by the express terms of the parties' written agreement. Where a valid contract governs the subject matter, a claim for unjust enrichment is barred. *Leasepartners*, 942 P.2d at 187.

However, the second allegation that Arixa helped AViD secure additional investment funding may fall outside the scope of the agreement. The agreement does not appear to address or obligate Arixa to assist in investor relations or fundraising activities. (ECF No. 33, Ex. 1). If Arixa conferred a benefit on AViD in this regard and AViD retained that benefit without compensation, unjust enrichment may be a viable theory. Therefore, the unjust enrichment claim is dismissed with leave to amend, so that Arixa may allege more specific facts regarding the nature of its assistance in securing additional funding and the benefit AViD allegedly received from that assistance.

E.  Punitive Damages

"Punitive damages are designed to punish and deter a defendant's culpable conduct and act as a means for the community to express outrage and distaste for such conduct." *Countrywide Home Loans, Inc. v. Thitchener,* 124 Nev. 725, 739, 192 P.3d 243, 252 (2008). In an action for breach of an obligation not arising from contract, punitive damages may be awarded upon clear and convincing evidence that the defendant acted with oppression, fraud, or malice. NRS 42.005(1).

Arixa attempts to rely on *Ponsock* to invoke an exception to the general rule barring punitive damages for contract-based claims. *K Mart Corp. v. Ponsock,* 103 Nev. 39, 52, 732 P.2d 1364, 1373 (1987). In *Ponsock*, the court held that K Mart's conduct "could well have been construed as willfully defamatory acts," finding that the facts underlying the implied covenant of good faith claim supported an independent tortious act sufficient to sustain a jury's finding of

malice and oppression. *Id.*

The counatercomplaint fails to allege facts identifying any tortious conduct that would satisfy the narrow exception permitting punitive damages in contract-based actions. Failing to provide additional funding beyond an express contractual obligation does not constitute conduct that "reeks of oppression or malice." *Id*. Therefore, Arixa's request for punitive damages must be dismissed.

## IV.   CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that AViD's motion to dismiss (ECF No. 33) be, and the same hereby is, GRANTED in part. Arixa's counterclaims for breach of the implied covenant of good faith and fair dealing, promissory estoppel, unjust enrichment, and it's request for punitive damages are dismissed without prejudice.

IT IS FURTHER ORDERED that Arixa may file an amended countercomplaint within 21 days of this order. Failure to do so will result in dismissal of its counterclaims with prejudice.

DATED July 17, 2025.

_____
UNITED STATES DISTRICT JUDGE