UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THE AVID GROUP, LLC,<br><br>    Plaintiff(s),<br><br>v.<br><br>ARIXA ANIMAL DIAGNOSTICS, INC., et al.,<br><br>    Defendant(s). | Case No. 2:24-cv-01470-JCM-NJK<br><br>**Order**<br><br>[Docket No. 52] |

Pending before the Court is a stipulation to extend case management deadlines by 90 days. Docket No. 52.

A request to extend deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). "The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 (D. Nev. 2022). The Court considers whether relief from the scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). Courts may also consider other pertinent circumstances, including whether the movant was diligent in seeking modification of the scheduling order once it became apparent that the movant required relief from the deadline at issue. *Sharp v. Covenant Care LLC*, 288 F.R.D. 465, 467 (S.D. Cal. 2012). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. When diligence has not been shown in support of an extension

1

request, "the inquiry should end." *Id.*[1] Although the Court may consider the joint nature of a stipulation to extend, "[t]hat a request is made jointly neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief." *Williams*, 627 F. Supp. 3d at 1178.

Although discovery has been open for many months, the parties have completed no affirmative discovery of any kind. *See* Docket No. 52 at 3-4.[2] Conducting no discovery for months on end is, obviously, antithetical to the required showing of diligence. The reasons advanced for this shortcoming are meritless. For example, the stipulation represents that the parties chose to forego (without judicial approval) their discovery efforts to discuss settlement, Docket No. 52 at 5, but "it is well-settled that the existence of settlement talks or the potential for alternative dispute resolution is not, standing alone, sufficient to establish good cause for an extension of the case management deadlines," *Williams*, 627 F. Supp. 3d at 1181. The stipulation also references the pendency of a motion to dismiss counterclaims, *see* Docket No. 52 at 5, but the mere pendency of a partially dispositive motion is not a proper basis to delay discovery, *see Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011) ("The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending"); *see also Flynn v. Nev.*, 345 F.R.D. 338, 345 (D. Nev. 2024) (explaining that a partially dispositive motion is not generally grounds to stay discovery). The stipulation also references a change in counsel, *see* Docket No. 52 at 3, but that event is not grounds to modify the scheduling order when incoming counsel did not seek such relief at the time of substitution, *see, e.g.*, Local Rule IA 11-6(c).[3]

---

[1] The Ninth Circuit has emphasized the importance of scheduling orders, *see Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2011) (collecting cases), and has stated bluntly that Rule 16 scheduling orders must "be taken seriously," *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). The stipulation's reliance on more lenient case law outside the Rule 16 context is not persuasive. *See, e.g.*, *Williams*, 627 F. Supp. 3d at 1177 n.3.

[2] Initial disclosures were exchanged and one set of written discovery was propounded, but a response has apparently not been provided to date. *See id.*

[3] The feeble reasoning advanced is all the more notable given the earlier admonition in this case that "counsel and the parties must ensure that they take all reasonable steps to meet applicable deadlines." Docket No. 14 at 1.

In short, the diligence required to extend case management deadlines is lacking. Nonetheless, the stipulation also represents that the parties have now reached a tentative settlement agreement. *See, e.g.*, Docket No. 52 at 6. As a one-time courtesy to the parties, the Court will allow a modest extension to accommodate the effort to finalize that settlement. **Given the lack of diligence to date, however, the Court is not inclined to extend these deadlines further**.

Accordingly, the stipulation to extend is **GRANTED** in part and **DENIED** in part. Case management deadlines are **RESET** as follows:

- Amend pleadings/ add parties: closed, except that Arixa may file amended counterclaims by August 21, 2025
- Initial experts: September 22, 2025
- Rebuttal experts: October 22, 2025
- Discovery cutoff: December 8, 2025
- Dispositive motions: January 7, 2026
- Joint proposed pretrial order: February 6, 2026, or 30 days after resolution of dispositive motions

In addition to the above deadlines, a joint status report regarding settlement must be filed by August 14, 2025.

IT IS SO ORDERED.

Dated: August 4, 2025

_____
Nancy J. Koppe
United States Magistrate Judge